UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO REYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 18-3134-CSB |
| | ) |
| KATHY ASHCRAFT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendant Kathy Ashcraft's motion for sanctions and on the Order to Show Cause and the Report and Recommendation entered by United States Magistrate Judge Eric I. Long.

On September 16, 2022, Defendant Ashcraft filed a motion asking the Court to sanction Plaintiff Mario Reyes (who is represented by counsel) based upon Plaintiff's failure to provide his initial disclosures to her as required by Federal Rule of Civil Procedure 26 and by the Court's Scheduling Order. In addition, Defendant Ashcraft represented that Plaintiff had failed to respond timely to her discovery requests in violation of Federal Rules 33 and 34, which also warranted sanctions.

Accordingly, Defendant Ashcraft filed a motion under Federal Rule 37 asking the Court to compel Plaintiff to provide his initial disclosures and his discovery responses. On September 1, 2022, Magistrate Judge Long granted Defendant Ashcraft's motion to compel and ordered Plaintiff to provide his initial disclosures and to submit his

1

discovery responses to Defendant Ashcraft by September 15, 2022. According to Defendant Ashcraft, Plaintiff did not comply with Magistrate Judge Long's Order, in that, he did not provide his initial disclosures or his discovery responses to her by the deadline imposed by Magistrate Judge Long.

On October 25, 2022, Magistrate Judge Long entered an Order to Show Cause that directed Plaintiff to show cause why this case should not be dismissed for lack of prosecution under Federal Rule 41. Therein, Magistrate Judge Long noted that, in addition to failing to provide his initial disclosures and his discovery responses, Plaintiff had not responded to any of Defendant Ashcraft's motions. Magistrate Judge Long gave Plaintiff fourteen (14) days to respond to his Order to Show Cause.

On November 29, 2022, Magistrate Judge Long entered a Report and Recommendation. Therein, Magistrate Judge Long recommended that this case be dismissed for lack of prosecution. Plaintiff has not filed any objections to Magistrate Judge Long's Report and Recommendation, and the time for him to do so under 28 U.S.C. § 636 and Rule 72 has passed.

The Court has carefully conducted a *de novo* review of Magistrate Judge Long's reasoning for recommending that this case be dismissed for lack of prosecution. The Court agrees with and accepts Magistrate Judge Long's Report and Recommendation, including the imposition of the sanction of dismissal against Plaintiff. Plaintiff's repeated failure to prosecute this case warrants the sanction of dismissal because it is clear that no other sanction is appropriate under the circumstances. Therefore, the

Court agrees with Magistrate Judge Long that this case should be dismissed base upon Plaintiff's failure to prosecute it.

**IT IS, THEREFORE, ORDERED:**

    **1.    Defendant Ashcraft's motion for sanctions [68] is GRANTED.**

    **2.    United States Magistrate Judge Eric I. Long's November 29, 2022 Report and Recommendation [70] is ACCEPTED and ADOPTED by the Court.**

    **3.    Accordingly, this case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

    **4.    If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

    **5.    If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some**

merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 14th day of December, 2022

/s Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE